IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANDRE HUDSON :
   *AS ADMINISTRATOR OF THE ESTATE* :
   *OF SHAKEYA JUANITA KENNEDY HUDSON* :
and JUANITA BRANCH :
: CIVIL ACTION
v. :
: NO. 20-5252
COLUMBIA LIFE INSURANCE COMPANY :

**MEMORANDUM**

**SURRICK, J.**     **July 6, 2021**

    Before the Court is Defendant Columbian Life Insurance Company ("Columbian")'s Motion to Dismiss Plaintiffs' Second Amended Complaint. (ECF No. 15). Defendant seeks dismissal of the claims of Andre Hudson for lack of standing. For the reasons that follow, the Motion will be denied.

**I.    BACKGROUND**

    In this case, Plaintiffs seek benefits under a life insurance policy. Plaintiffs allege breach of contract and bad faith in Defendant's denial of the life insurance claim of Shakeya Juanita Kennedy Hudson (Shakeya Kennedy) and Defendant's rescission of the policy. (Second Am. Compl., ECF No. 14.) Plaintiff Andre Hudson is Shakeya Kennedy's father and the Administrator of her estate. (*Id.* ¶ 1.) Plaintiff Juanita Branch is Shakeya Kennedy's mother and the named beneficiary of her life insurance policy. (*Id.* ¶ 2.)

    Defendant filed this Motion to Dismiss pursuant to Federal Rule of Procedure 12(b)(6) arguing that Andre Hudson has not alleged facts sufficient to state a claim because he is not a beneficiary under the life insurance policy. Defendant argues that, as a result, Hudson has not suffered any injury "because he would not be entitled to benefits under any circumstances" and,

1

accordingly, lacks standing to bring the instant claims.  (Def.'s Mot., ECF No. 15.)  Defendant asks the Court to dismiss only Hudson's claims.

In opposition, Hudson argues that he has standing pursuant to Federal Rule of Procedure 17 and Pennsylvania state law.  Rule 17 encompasses whether a party is a real party in interest, but not whether a party has Article III standing based on injury-in-fact.

Because the parties argue different sides of the same coin, we find it appropriate to address Hudson's standing as a real party in interest and his ability to bring a claim in federal court pursuant to Article III of the United States Constitution.

## II. LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.'" *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A complaint has facial plausibility when there is enough factual content 'that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  When considering the sufficiency of a complaint on a 12(b)(6) motion, a court "must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Id*. (citing *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)).

## III. DISCUSSION

The "real party in interest principle embodied in Rule 17 ensures that only a person who possesses the right to enforce a claim and who has a significant interest in the litigation can bring a claim."  *Cortlandt St. Recovery Corp. v. Hellas Telecomms.*, 790 F.3d 411, 420 (2d Cir. 2015)

(citation, quotation marks, and alteration omitted). The other purpose of the Rule is to ensure that there are not multiple or conflicting lawsuits and that the litigation will have a *res judicata* effect. *Id.*

Standing is a threshold jurisdictional issue that may be raised at any time by the parties or the court. *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 280 (3d Cir. 2014). Article III of the United States Constitution confers on federal courts "[t]he judicial power of the United States." U.S. Const., art. III, § 1. It also specifies that this power is limited to "Cases" and "Controversies." *Id.* § 2. "No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Spokeo v. Robbins*, 136 S. Ct. 1540, 1547 (2016) (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)).

Standing is a core component of this Article III requirement that is necessary for a court to exercise jurisdiction over a litigant's claims. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The doctrine of standing requires that plaintiff (1) suffered an injury-in-fact; (2) that is fairly traceable to challenged action of the defendant; and (3) that is likely, as opposed to merely speculatively, to be redressed by a favorable decision. *Id.* at 560-561. The injury is defined as "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* at 560. On a motion to dismiss, the court "presume[s] that general allegations embrace those specific facts that are necessary to support the claim." *Id.* at 561.

Defendant appears to limit its argument to the first element of this test. Defendant argues that Plaintiff Hudson lacks standing because he has not suffered an injury in his individual capacity and because a party must assert his own rights not the rights of a third party. Plaintiff

3

Hudson filed the instant action in his capacity as administrator of Shakeya Kennedy's estate, not in his individual capacity.

In response, Plaintiffs argue that Plaintiff Hudson is a real party in interest based on Federal Rule of Procedure 17 and Pennsylvania law. Plaintiffs argue that Rule 17 provides that an executor may prosecute an action in his/her own name as a real party in interest in his or her representative capacity. Fed. R. Civ. P. 17(a)(1)(A). This Rule also provides that the capacity to sue or be sued is determined by the law of the state where the court is located. Fed. R. Civ. P. 17(b)(3). In Pennsylvania, life insurance benefits are not estate assets. 20 Pa. Cons. Stat. § 6108. Nevertheless, Pennsylvania courts have recognized that "life insurance policies from which proceeds are distributed are the decedent's personal property at the time of his death." *In Re Estate of Sauers*, 32 A.3d 1241, 1249 (Pa. 2011) (citing *In Re Henderson's Estate*, 149 A.2d 892 (Pa. 1959); *In Re Shahan* , 631 A.2d 1298 (Pa. Super. Ct. 1993)). Administrators of estates are charged with "taking possession of, maintaining, and administering" those assets. *See* 20 Pa. Cons. Stat. § 3311(a); *In Re Estate of Sauers*, 32 A.2d at 1249 (finding administrator "certainly" had authority to bring suit to clarify issue of who should be the beneficiary of decedent's estate).

Here, as in *Estate of Sauers*, Shakeya Kennedy "entered into a contract before her death, and the causes of action asserted by the administratrix of her estate did not accrue until after her death." *McDonald v. Wells Fargo Bank, N.A.*, 735 Fed. App'x 776, 779 (3d Cir. 2018). It follows that Pennsylvania law grants Hudson the power to maintain his causes of action against Defendant and to ask this Court to ensure that Kennedy's personal property is properly distributed. *See, e.g., Horowitz v. Federal Kemper Life Assur. Co.*, 946 F. Supp. 384, 385 (E.D. Pa. 1996) (no standing issue where complaint filed on behalf of beneficiary individually and as co-executrix of decedent's estate and estate's co-executor alleging that defendant acted in bad

faith and breached life insurance contract); *Assurity Life Ins. Co. v. Nicholas*, No. 14-6522, 2015 WL 5737397, at *1-2 (E.D. Pa. Oct. 1, 2015) (no standing issue where life insurance company sued executor for fraud and executor counterclaimed seeking declaratory judgment that decedent's life insurance policy was validly in force); *Wilson v. Bank of America, N.A.*, 48 F. Supp. 3d 787, 789-814 (E.D. Pa. 2014) (finding estate administratrix did not have standing to sue defendant for violations of real estate settlement procedures act (RESPA) in her individual capacity but denying motion to dismiss her breach of contract claim in her capacity as administratrix); *Ressler v. Rent-A-Car Co.*, No. 06-562, 2007 WL 2071655, at *1 (W.D. Pa. July 13, 2007) (no standing issue where co-executors brought breach of contract and bad faith claims against car insurance companies); *McClellan v. Health Maintenance Org.*, 686 A.2d 801, 803, 807 n.1 (Pa. 1996) (no standing issue where co-executors' complaint alleged breach of contract, intentional misrepresentation, and fraud).

Based on this analysis, Plaintiff Hudson is a real party in interest. However, this does not end the jurisdictional inquiry. It does not resolve the issue of Article III standing, which requires injury-in-fact. It is, nevertheless, instructive. "Not every party with standing is a real party in interest, although real parties in interest usually have standing." *Fletcher v. City of New London*, No. 16-241, 2017 WL 690533, at *3 (D. Conn. Feb. 21, 2017) (citing Wright & Miller, 6A Fed. Prac. & Proc. Civ. § 1542 (3d ed.)).

Defendant argues that Plaintiff Hudson lacks standing because Hudson, himself, would not be entitled to the benefits under any circumstances. This is not dispositive. Defendant also argues that only a beneficiary can sue for breach of an insurance contract or accompanying bad faith. But Plaintiff Hudson represents the estate's interests, and the estate stands in decedent Shakeya Kennedy's shoes. *See Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 248 n.7 (3d

Cir. 2002). Third party standing has long been recognized as an appropriate vehicle for access to federal court.[1]

"[S]tanding in federal court is a question of federal law, not state law." *Hollingsworth v. Perry*, 570 U.S. 693, 715 (2013). The Supreme Court has held that "[f]or obvious reasons, it has long been recognized that the surviving claims of a decedent must be pursued by a third party. At common law a decedent's surviving claims were prosecuted by the executor or administrator of the estate." *Hodel v. Irving*, 481 U.S. 704, 711 (1987). "[F]ederal courts routinely entertain suits which will result in relief for parties that are not themselves directly bringing suit. Trustees bring suits to benefit their trusts . . . executors bring suit to benefit testator estates; and so forth." *Sprint Communs. Co., L.P. v. APCC Servs.*, 554 U.S. 269, 287-88 (2008).

In *Spokeo, Inc. v. Robins*, the Supreme Court considered whether an intangible harm could constitute an injury-in-fact. It advised that because standing "derives from the case-or-controversy requirement, [which] in turn is grounded in historical practice, it is instructive to consider whether an alleged intangible harm has a close relationship to a harm that has been

---

[1] The cases Defendant cites in support of its Motion are either inapposite or support that Plaintiff Hudson has standing. Defendant refers to a case where a receivership transferred all interest in a policy to another individual, thereby quitting its legal or equitable interests in the policy entirely and causing it to suffer no injury-in-fact by the policy's termination. *See Power v. Erie Family Life Ins. Co.*, 392 F. Supp. 3d 587, 590 (E.D. Pa. 2019), *aff'd*, 813 Fed App'x 751 (3d Cir. 2020). Defendant also relies on a Pennsylvania state court case where appellants were attempting to prove their status as third-party beneficiaries to their parents' life insurance contracts. *See Torchia v. Keystone Foods Corp.*, 635 A.2d 1082, 1085 (Pa. Super. Ct. 1993). Because the appellants were not intended third-party beneficiaries to the life insurance contracts, there was no contractual relationship between the insurers and the appellants, and the appellants could not sue for breach of contract. *Id.* Plaintiff Hudson is not trying to prove his status as a beneficiary here. However, Plaintiff Hudson represents the estate's interests, and the estate stands in Shakeya Kennedy's shoes as a participant in the contract. *See Oehlmann v. Metro Life Ins. Co.*, 644 F. Supp. 2d 521, 534 (M.D. Pa. 2007) (finding legal duties defendant owed to plaintiff arose out of contractual relationship). We are also not limited to finding that only beneficiaries can argue bad faith based on the facts of one other case in this court. *See Lincoln Benefit Life Co. v. Bowman*, 221 F. Supp. 3d 617, 632 (E.D. Pa. 2016).

traditionally regarded as providing a basis for a lawsuit in English or American courts." 136 S. Ct. at 1549. In interpreting the Court's holdings in *Spokeo*, a district court in New York found that a breach of contract must surely be the type of intangible harm that the Court contemplated as sufficiently concrete to confer Article III standing. *Culwick v. Wood*, 384 F. Supp. 3d 328, 339 (E.D.N.Y. 2019). The Third Circuit, applying Pennsylvania law, has also found that an estate executor had the capacity to sue in a survival action for breach of contract to enforce the decedent's rights even though the breach only occurred, and therefore the action only accrued, after the decedent's death. *See McDonald*, 735 Fed. App'x at 779.

Because Shakeya Kennedy was a party to the life insurance contract and the estate now represents her interests, Plaintiff Hudson, as estate administrator, has standing to vindicate her rights and the invasion of her legally protected interests under the contract.[2] *See, e.g., In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262, 273-74 (finding that "*Spokeo* directs us to consider whether an alleged injury-in-fact 'has traditionally been regarded as providing a basis for a lawsuit'" and the invasion of certain legal rights can create standing); *In re Estate of Burkland*, Case No. 11-5024, 2012 WL 13553, at *3-4 (E.D. Pa. Jan. 3, 2012) (finding estate satisfied injury in fact element of Article III standing as well as prudential and statutory standing and collecting cases finding estate can vindicate plan owner's rights under ERISA); Williston on Contracts § 347 (3d ed. 1959) (stating generally that a party to a contract has standing to enforce

---

[2] Defendant also argues that there is a risk of duplicative litigation if we find Plaintiff Hudson to have standing. We have found no law supporting the proposition that the estate administrator and beneficiary's rights cannot be simultaneous, or that one cancels out the other. *See Addison v. Met. Life Ins. Co.*, 5 F. Supp. 2d 392, 393 (W.D. Va. 1998) (no standing issue where complaint was filed by co-executors and later joined by decedent's heirs to recover life insurance proceeds from defendant for estate, arguing that named beneficiary was not entitled to benefits under Slayer Statute); *Horowitz v. Federal Kemper Life Assur. Co.*, 946 F. Supp. at 385 (no standing issue where complaint was filed on behalf of beneficiary individually and as co-executrix of decedent's estate along with estate's co-executor alleging that defendant acted in bad faith and breached life insurance contract).

it and sue for its breach). We are satisfied that there is a real case or controversy here based on the harm of denying benefits to an intended beneficiary and rescinding the contract. Plaintiff Hudson has Article III standing.

IV. **CONCLUSION**

For the foregoing reasons, Defendant's Motion is denied. An appropriate Order follows.


**BY THE COURT:**


*/s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**